IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-275

| | | |
|---|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | CONSENT JUDGMENT |
| CARROLL WAYNE BYSON, individually and as Administrator of the Estate of Adam Brent Bryson; and AMANDA BECK, as parent and guardian of minor J.F.B. and VICTOR GARLOCK, guardian ad litem of minor, J.F.B., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court pursuant to the following filed pleadings:

1) Plaintiff's Consent Motion for Discharge from Further Liability, Permanent Injunction, and Dismissal with Prejudice (#23);

2) A motion filed by Defendant Carroll Wayne Bryson, individually and as Administrator of the Estate of Adam Brent Bryson and Amanda Beck entitled "Motion to be Heard Minor Settlement (#25). The Court notes that this motion was not filed on behalf of the minor child J.F.B;

3) A Motion for Approval Minor Settlement (#27) filed by Carroll Wayne Bryson, individually and as Administrator of the Estate of Adam Brent Bryson and Amanda Beck. The Court further notes that this motion was not filed on behalf of the minor J.F.B.

-1-

From the records in this cause, the information provided to the undersigned at a hearing that was held in this matter on September 11, 2013, and in a further hearing that was held before the undersigned on October 15, 2013, the undersigned makes the following findings of fact:

**Findings of Fact**

1. American United Life Insurance Company is a corporation organized and existing under the laws of the state of Indiana having its principal place of business in Indianapolis, IN. American United Life Insurance Company has been authorized by the North Carolina Department of Insurance to issue policies of life insurance in the state of North Carolina. American United Life Insurance Company entered into a relationship with M.B. Haynes Corporation to provide life insurance coverage for the employees of M.B. Haynes Corporation. (#1, ¶ 1,6)

2. Prior to his death, Adam Brent Bryson came to be employed by M.B. Haynes Corporation. (#1, ¶ 6). M.B. Haynes Corporation had established a Group Life and Accidental Death and Dismemberment insurance policy with the Plaintiff for the benefit of its employees as a part of an employee benefit plan established pursuant to the Employee Retirement Income Security Act of 1974 (ERISA). (#1, ¶¶ 6 & 7). Adam Brent Bryson completed an enrollment form for basic life and accidental death and dismemberment coverage in June of 2008. The coverage provided was a life insurance benefit of $25,000.00 and an accidental death and dismemberment benefit of an additional $25,000.00. If the insured died as a result of an accident, the total coverage provided was $50,000.00. In the enrollment form, Adam Brent Bryson named his girlfriend, Natalie Cole, as a primary beneficiary and his father, Carroll Wayne Bryson, as contingent beneficiary. (#1, ¶14).

3. On January 29, 2009, as a part of the employee benefit plan provided by M.B.

Hayes Corporation to its employees, Adam Brent Bryson signed an enrollment form for voluntary life and accidental death and dismemberment coverage which was provided by the Plaintiff. (#1, ¶5). The coverage provided was a life insurance benefit of $75,000.00 and an accidental death and dismemberment coverage of benefit of $75,000.00. If Adam Brent Bryson died as a result of an accidental death, then the total coverage would be $150,000.00. In the enrollment form for voluntary life and accidental death and dismemberment coverage, Adam Brent Bryson checked a box for coverage described as "coverage option #3" and in the box, checked "for children only." He did not set forth in the form the name of a primary beneficiary or a contingent beneficiary. (#1, ¶5). The voluntary policy provides for the death benefit payments to be paid as follows. (#1-2, p. 39):

> 3) If no named Beneficiaries outlive the Person or none were named, then at AUL's option, a surviving relative if the Person's estate is not substantial and there are no statutory requirements to the contrary. Relatives will be considered in descending order of preference as follows:
>
> a) spouse;
> b) child(ren);
> c) parent(s); or
> d) brother(s) and sister(s) or
>
> 4) the Person's estate.
>
> CHILD was defined in the policy as being (1) any child born of the Person. (#1-2, p. 40)

4. On January 15, 2010, a Complaint was filed with the Clerk of Superior Court of Buncombe County by Amanda Beck as Plaintiff, naming as Defendant Adam Brent Bryson. In the Complaint, Ms. Beck alleged that neither she nor Adam Brent Bryson were married to each other but there had been one child born of their relationship, that being the minor child J.F.B. In the Complaint, Ms. Beck sought a judgment awarding her custody of J.F.B. and an Order

requiring Adam Brent Bryson to pay child support for the support of J.F.B. A Consent Judgment was thereafter filed on February 10, 2010, which was signed by both Ms. Beck and Adam Brent Bryson finding as a fact that the minor child J.F.B. was born of the relationship between Ms. Beck and Adam Brent Bryson.

5. Adam Brent Bryson became deceased on January 22, 2011, as a result of an accident. (#1-3). M. B. Haynes Corporation filed a Proof of Death claim with the Plaintiff dated February 4, 2011. (#1-6). In a document dated April 20, 2011, the named beneficiary of the basic policy, Ms. Natalie Cole, executed an assignment of the proceeds of the basic policy which was in the amount of $50,000.00 setting forth that the assignee of the proceeds was: "the estate of Adam Bryson." (#1-7).

6. Carroll Wayne Bryson, the father of Adam Brent Bryson, was appointed as the administrator of the estate of Adam Brent Bryson by Order of the Clerk of Superior Court of Buncombe County, North Carolina on June 16, 2011. The proceedings therein are set forth in Buncombe County Estate File 11 E 469. In the file it is described that the minor child J.F.B. is the daughter and sole surviving heir of Adam Brent Bryson.

Located in the estate file of the Estate of Adam Brent Bryson are copies of the following documents:

    a) A document entitled "Beneficiary's Assignment of Insurance Under Group Life Insurance Policy" that was signed by Carroll Wayne Bryson on July 8, 2011 in which Mr. Bryson purported to assign both the basic plan benefits and the voluntary plan benefits of the policies of insurance issued by the Plaintiff to himself in his individual capacity;

    b) A copy of a letter dated September 21, 2011 from Connie England, Claims Examiner of the Plaintiff addressed to the Defendant Carroll Wayne Bryson. In the letter, Ms. England states as follows:

American United Life Insurance Company ("AUL") has received a claim following the death of Adam Brent Bryson. In June 2008 Adam Brent Bryson completed a group enrollment form designating Natalie Cole as the beneficiary. On January 29, 2009 another group enrollment form was completed and supersedes the June 2008 designation. Because no beneficiary was designated on January 29, 2009 the Estate of Adam Brent Bryson is entitled to the proceeds under the group life insurance contract issued to his employer M.B. Haynes Corp.

On April 20, 2011, Natalie Cole assigned any interest she had in the proceeds to the Estate of Adam Bryson. On July 8, 2011, Carroll Wayne Bryson attempted to assign the Estate of Adam Bryson's interest in the proceeds to himself. Because the necessary authority or permission was not requested or granted by the Court, court personnel at the Buncombe County Superior Court have advised this assignment cannot be honored and the proceeds should be paid to the Estate of Adam Brent Bryson.

c) A copy of a letter dated June 5, 2012, from Tammy C. Case, Assistant Clerk of Superior Court of Buncombe County to the Plaintiff wherein Ms. Case requests that the Plaintiff pay all the life insurance benefits of the policies issued by the Plaintiff to the Estate of Adam Brent Bryson c/o of the Buncombe County Courthouse in Asheville, NC. Ms. Case states in her letter: "these funds will be handled by the Administrator of the Estate and ultimately will be placed in the guardianship for the benefit of the minor child J.F.B. This guardianship will be under the supervision of the court until the minor reaches the age of 18 years."

d) A copy of a letter to the Plaintiff dated July 5, 2012 from Attorney Wilder Wadford, who states that he, "acting on behalf of my client, Carroll Wayne Bryson" demands that all of the insurance proceeds of the policies issues by the Plaintiff insuring the life of Adam Brent Bryson be paid to Carroll Wayne Bryson, individually.

7. On September 4, 2012, Plaintiff filed its Complaint (#1) in this Court naming as Defendants, Carroll Wayne Bryson, individually and as Administrator of the Estate of Adam Brent Bryson and Amanda Beck as parent and guardian ad litem of J.F.B. The Plaintiff's Complaint was filed pursuant to Rule 22 of the Federal Rules of Civil Procedure which reads as follows:

**Rule 22.    Interpleader**

(a)    **Grounds.**

(1)    **By a Plaintiff.** Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
(A)    the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or

(B)    the plaintiff denies liability in whole or in part to any or all of the claimants.

In the Complaint, the Plaintiff requests that the Court determine the beneficiaries of the basic policy of insurance and the voluntary policy of insurance issued by the Plaintiff insuring the life of the decedent Adam Brent Bryson. The Complaint further alleges that this Court has jurisdiction over this matter, pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1311, because the action arises as the result of an employee benefit plan as described in the Employee Retirement Income Security Act of 1974 (ERISA). (#1, ¶¶ 6 & 7).

8.    A Consent Motion (#12) was filed by Plaintiff for permission to deposit into the registry of this Court the sum of $200,000.00 representing the basic life and accidental death insurance benefits of $50,000.00 and the voluntary life and accidental death insurance benefits in the amount of $150,000.00. The undersigned entered an Order (#18) granting this motion.

9.    A Consent Motion (#14) was filed by Plaintiff requesting that Attorney Victor Garlock be appointed as the guardian ad litem of the minor Plaintiff, and thereafter the Court allowed the motion and entered an Order (#19) appointing Mr. Garlock as the guardian ad litem for the minor child J.F.B.

10.    Mr. Wadford as counsel for all Defendants filed a Motion for Approval of Minor

Settlement (#27) in which he contended that the individual Defendant, Carroll Wayne Bryson was the rightful beneficiary of the proceeds of both the basic policy of life insurance and the voluntary policy of life insurance. In the Motion, Mr. Wadford requested that the funds be paid into a trust entitled "Irrevocable Bryson Trust Agreement" with Carroll Wayne Bryson acting as trustee and settlor. The proposed Trust was to provide that Carroll Wayne Bryson was to invest the proceeds of the policies of life insurance and that all funds would be paid to the minor child J.F.B. upon her attaining the age of 25 years; provided that after J.F.B. had reached the age of 18 years, Carroll Wayne Bryson, in his sole discretion, could invade the income and principal of the Trust for the healthcare, support, maintenance and education of J.F.B.

11. In a hearing that was held before this Court on September 11, 2013, the undersigned pointed out to the parties the possibility of an existence of a conflict of interest by Mr. Wadford. It appeared to the Court that Mr. Wadford was representing all of the Defendants in this matter and, as a result, Mr. Wadford would be representing the interests of clients that were directly adverse to one another; that being the individual claims of Carroll Wayne Bryson, on the one hand and the claims of the Estate of Adam Brent Bryson and the minor child J.F.B., on the other hand. After hearing arguments concerning that issue, the undersigned was requested by the parties to continue the hearing and to reconvene the hearing of the various motions on October 15, 2013.

12. At the call of this matter on for hearing before the undersigned on October 15, 2013, the Court was advised that a settlement of all issues in dispute between the parties had been agreed upon upon the following terms and conditions:

    a) The sum of $50,000.00 representing the proceeds from the basic life insurance policy will be ordered by the Court to be paid to the Estate of Adam

Brent Bryson. From that amount, the following expenses of the Estate of Adam Brent Bryson and the expenses of Victor Garlock as guardian ad litem for the minor child J.F.B. will be paid:

    (i).    To Carroll Wayne Bryson, individually, the sum of $2,730.00 to reimburse Mr. Bryson for the expenses of the premium of a bond that he was required to obtain by the Clerk of Superior Court of Buncombe County to act as administrator of the Estate of Adam Brent Bryson;

    (ii)    To Carroll Wayne Bryson, individually, an amount to be determined, but less than $910.00 for the present year's premium of a bond that he was required to obtain by the Clerk of Superior Court of Buncombe County to act as administrator of the Estate of Adam Brent Bryson;

    (iii)    To Carroll Wayne Bryson, individually, the sum of $366.00 to reimburse Mr. Bryson for fees paid to the Clerk of Superior Court of Buncombe County for filings of various accounts and expenses of the Estate of Adam Brent Bryson;

    (iv)    To Attorney Wilder Wadford, the sum of $6,000.00 for attorney fees for services performed for the Estate of Adam Brent Bryson and the minor child J.F.B. in this matter;

    (v)    To Attorney Victor Garlock, the sum of $1,500.00 for his services as guardian ad litem for the minor child J.F.B. in this matter;

    (vi)    That Carroll Wayne Bryson be ordered by the Court to pay all remaining sums from the $50,000.00 ordered to be paid herein to the Clerk of Superior Court of Buncombe County to be invested for the use and benefit of the minor child J.F.B. as provided by law;

    (vii)    That Carroll Wayne Bryson agrees that he shall be ordered to release any and all claims that he has or ever will have for reimbursement for funeral expenses for the funeral services provided to Adam Brent Bryson. The funeral expenses are in the approximate amount of $10,000.00. Carroll Wayne Bryson further agrees to release any and all claims that he has or ever will have for reimbursement for the payment of debts and expenses of the Estate of Adam Brent Bryson, which debts and expenses were in the approximate amount of $2,000.00. Additionally, Carroll Wayne Bryson agrees that he will release any and all claims for administrator fees for his services as administrator of the Estate of Adam Brent Bryson.

b) The sum of $150,000.00 representing the proceeds of the voluntary life insurance policy will be ordered by the Court to be paid to the Clerk of Superior Court of Buncombe County to be invested for the use and benefit of the minor child J.F.B. as provided by law.

c) That the Court will allow the Plaintiff's Motion for Discharge from Further Liability (#23) and will enter an Order discharging the Plaintiff from any further liability to the Defendants herein and will enter a Permanent Injunction restraining and enjoining the Defendants from instituting or prosecuting any claim in any state or federal court affecting the benefits that issue in this matter. This Consent Judgment shall be considered to be a full and final bar in favor of the Plaintiff as to any and all claims of Defendants in the future, including claims of the minor child J.F.B., either individually or made by her guardians ad litem.

13) The undersigned has made due inquiry into the facts and circumstances as referred to in the dispute described in the pleadings and records herein. The undersigned has read all pleadings and has further reviewed documents that were ordered by the Court to be produced, including a certified copy of the estate file of Adam Brent Bryson, File 11 E 469 (#30), located in the Office of the Clerk of Superior Court of Buncombe County and the complete copy of the file originally entitled "Amanda Beck, Plaintiff vs. Adam Brent Bryson" file No: 10 CVD 274 (#29).

At the September 11, 2013 hearing, Mr. Wadford asserted to the Court that Mr. Carroll Wayne Bryson, individually, was entitled to all the funds from the two policies of insurance in question in this matter. It was Mr. Wadford's contention that Ms. Cole intended to assign all of the benefits of both policies to Carroll Wayne Bryson, individually, instead of assigning the basic policy amount of $50,000.00 to the Estate of Adam Brent Bryson. In the letter of the Plaintiff's claims examiner, Connie England, of September 21, 2011, Ms. England asserted a contention that all proceeds from both the basic and voluntary policy would be payable to the Estate of Adam Brent Bryson in the total sum of $200,000.00. The undersigned does not find support for either of these contentions in the documents presented. Ms. Cole assigned her right to receive the basic

policy proceeds of $50,000.00 to the Estate of Adam Brent Bryson. In regard to the voluntary policy amount of $150,000.00, the terms of that policy provided that if Adam Brent Bryson did not set forth a specific beneficiary, then the proceeds would be paid as provided in the policy which would be to his children and in this case, that is the minor child J.F.B. The minor child J.F.B. was born approximately eight months prior to the request by Adam Brent Bryson for the issuance of a voluntary policy. On the enrollment form dated January 29, 2009, for the voluntary policy, Adam Brent Bryson requested: "voluntary term dependent life/AD & D coverage option #3" and checked the box for "children only." (#1-5, p. 2). It would thus appear that Adam Brent Bryson desired that his children would be the beneficiary of the voluntary policy and that Ms. Cole would remain as the beneficiary of the basic policy. The settlement proposal complies with the terms of both the basic policy and the voluntary policy and in furtherance of the written assignment of Ms. Cole as to the basic policy proceeds and the enrollment form completed by Adam Brent Bryson for the voluntary policy proceeds. The proposal of Carroll Wayne Bryson to release his claims for the proceeds and his claims for reimbursement for funeral expenses and debts of the estate provides an additional benefit to the minor child J.F.B. and is in the best interest of the minor child J.F.B.

In regard to the original proposal that the funds be ordered to be paid to Carroll Wayne Bryson who would place them in a trust as trustee for J.F.B., the Court has questions about the ability and experience of Mr. Bryson as an investor of the funds. Mr. Bryson is described, in the Motion for Approval Minor Settlement, as being a North Carolina licensed general contractor with an unlimited license for the past 15 years. It is further described that before becoming a contractor, Mr. Bryson was a Forest Service Ranger, then a retired Captain from the Asheville

Fire Department, and then the Building Supervisor for H.M. Rice & Sons. Mr. Bryson has an Associates Degree from the Agriculture Institute at N.C. State University and is trying to obtain a Bachelor of Science degree in Plant Science. There is no description of any training that Mr. Bryson has in the field of financial management or any experience that he has in financial management or finance. The Court must take all appropriate action to preserve and protect the legal rights and interests of the minor child J.F.B. The Court is of the opinion that paying the funds into the Trust does not accomplish that goal and the protection of the interests of J.F.B. would be best provided by the funds being invested by the Clerk of Superior Court of Buncombe County as provided by law. N.C.G.S. § 7A-112 and 7A-112.1.

Considering all factors in this case and having consulted in open Court with Mr. Garlock as guardian ad litem, Mr. Wadford as counsel for Defendants, and further consulting in open Court with Mr. Connors, counsel for Plaintiff, the Court is of the opinion that the settlement and distribution of the $200,000.00 of total insurance benefits as proposed and set forth herein is a fair and reasonable settlement of the dispute in this matter and would allow a substantial recovery that can be used for the use and benefit of the minor child J.F.B. and is in fact a settlement and resolution of this matter that is superior to any resolution of this case that could be ordered by this Court without the consent of the parties.

14. Due to the proposal of the distribution of the settlement made herein by Mr. Wadford whereby the minor child J.F.B. would receive all of the proceeds of the policies after deductions of the above referenced expenses of the Estate of Adam Brent Bryson and payment for the services of the guardian ad litem, the undersigned finds that Mr. Wadford no longer has a conflict of interest in representing the interest of the guardian ad litem Mr. Garlock, or the minor

child J.F.B. The undersigned has examined a document entitled "Attorney Fee Affdiavit" (# 33) filed by Mr. Wadford in which he sets forth the amount of time he has expended in regard to the representation of the Defendants in this matter. In the Affidavit, Mr. Wadford avers that he has spent 26.25 hours in regard to the matter at an hourly rate of $300.00 per hour which provides for a total fee of $7,875.00. Mr. Wadford, in the Affidavit, further avers that he has voluntarily reduced the fee by $1,875.00 for a total fee owed of $6,000.00. The undersigned finds that such a recovery and fee in this matter is a fair and reasonable fee and that it would be in the best interest of the Defendants, and particularly the minor Defendant, J.F.B. and the guardian ad litem of the minor Defendant, J.F.B., that such fee be approved by the Court and ordered to be paid to Mr. Wadford as counsel for Defendants.

The undersigned further finds that Mr. Garlock has advised the Court that a fee in the sum of $1,500.00 for his services as guardian ad litem for the minor child J.F.B. is being charged by him for his services in this matter. The undersigned finds that a fee in the sum of $1,500.00 is a fair and reasonable fee to be charged by Mr. Garlock and that it would be in the best interest of the Defendants, and particularly the minor Defendant J.F.B., that such fee be approved and ordered to be paid to Mr. Garlock from the Estate of Adam Brent Bryson for his services as guardian ad litem in this matter.

From the foregoing findings of fact, the Court makes the following conclusions of law:

### Conclusions of Law

1) That Carroll Wayne Bryson is the duly appointed administrator of the Estate of Adam Brent Bryson and is authorized to participate in this action as a party Defendant;

2) That Victor C. Garlock is the duly appointed guardian ad litem for the minor child J.F.B.;

3) That the Plaintiff has filed this interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure requesting that the Court determine the beneficiaries of the Employee Benefit Plan provided by M.B. Haynes Corporation to its employee Adam Brent Bryson; such plans being provided pursuant to the Employee Retirement Income Security Act of 1974 (ERISA). This Court has jurisdiction of this matter pursuant to 21 U.S.C. § 1132(e)(1), 28 U.S.C. § 1331 and 19 U.S.C. § 1001 et. seq.

4) That after considering the evidence in this matter the Court concludes that it is in the best interest of the minor child J.F.B. that the settlement of this matter as proposed in Findings of Fact twelve and thirteen be received by her in full satisfaction of all claims that might be asserted by her or on her behalf. The entry of this judgment and the payment of the total sum of $200,000.00 as provided herein shall be in full and complete settlement of all claims of the Defendants in this matter and that the Court should order that an injunction issue enjoining the Defendants from instituting or prosecuting any claim in any state or federal court affecting the benefits that issue in this case.

## ORDER

**NOW, THEREFORE,** by and with the consent of the Plaintiff and the Defendants as evidenced by the signatures of the attorneys and the parties respectively, whose signatures are herewith affixed to this Judgment, **IT IS ORDERED, ADJUDGED and DECREED**:

1) That the Clerk of this Court shall disburse from the $200,000.00 of insurance proceeds deposited in this matter by the Plaintiff with the registry of the Court said sums as

follows:

   (a)  The sum of $50,000.00 representing the proceeds from the basis life insurance policy will be paid to the Estate of Adam Brent Bryson. From that amount, the following expenses of the Estate of Adam Brent Bryson and the expenses of Victor Garlock as guardian ad litem of the minor child J.F.B. will be paid as follows:

> (1) To Carroll Wayne Bryson, individually, the sum of $2,730.00 to reimburse Mr. Bryson for the expense of premiums for a bond that he was required to obtain by the Clerk of Superior Court of Buncombe County to act as administrator of the Estate of Adam Brent Bryson;
>
> (2) To Carroll Wayne Bryson, individually, an amount to be determined, but less than $910.00 for the 2013 premium of a bond that Carroll Wayne Bryson was required to obtain by the Clerk of Superior Court of Buncombe County to act as administrator of the Estate of Adam Brent Bryson;
>
> (3) To Carroll Wayne Bryson, individually, the sum of $366.00 to reimburse Mr. Bryson for fees paid to the Clerk of Superior Court of Buncombe County concerning the administration of the Estate of Adam Brent Bryson;
>
> (4) To Attorney Wilder Wadford the sum of $6,000.00 for attorney fees for services provided for the Estate of Adam Brent Bryson and the minor child J.F.B. in this matter.
>
> (5) To Victor Garlock the sum of $1,500.00 for his fees and services as guardian ad litem for the minor child J.F.B. in this case;
>
> (6) That Carroll Wayne Bryson is ordered to pay all remainder sums from the $50,000.00 ordered to be paid herein to the Clerk of Superior Court of Buncombe County to be held by the Clerk for the minor child J.F.B. upon interest, as provided by law, which is to be disbursed to the minor child J.F.B. upon her attaining the age of majority or upon such appropriate court order as shall be entered.

That by his execution of this Consent Judgment, Carroll Wayne Bryson, agrees and it is Ordered that he does hereby release any and all claims that he has or ever will have for reimbursement for funeral expenses in the approximate amount of $10,000.00 for the funeral

services of Adam Brent Bryson and reimbursement for the payment of debts and expenses in the approximate amount of $2,000.00 for the Estate of Adam Brent Bryson. Carroll Wayne Bryson further agrees and it is Ordered that he releases any and all claims for administrator fees for his services as administrator of the Estate of Adam Brent Bryson.

2) That the Clerk of this Court is Ordered to disburse to the Clerk of Superior Court of Buncombe County the sum of $150,000.00 representing the proceeds of the voluntary life insurance policy and that the Clerk of Superior Court of Buncombe County will hold such funds for the benefit of the minor child J.F.B. upon interest as provided by law and which is to be disbursed to J.F.B. upon her attaining the age of majority or upon such appropriate court order as shall be entered.

3) It is further **ORDERED, ADJUDGED and DECREED** that the Plaintiff's Consent Motion for Discharge From Further Liability, Permanent Injunction, and Dismissal with Prejudice (#23) is hereby **ALLOWED** in part and it is **ORDERED** that the Defendants and interpleaders, that being Carroll Wayne Bryson, individually, and as Administrator of the Estate of Adam Brent Bryson, Amanda Beck as parent and guardian of the minor J.F.B. and Victor Garlock, as guardian ad litem of the minor J.F.B. and the minor child J.F.B. individually, are hereby permanently enjoined and restrained from instituting or prosecuting any action or proceeding against American United Life Insurance Company in any state or United States court for the life and accidental death and dismemberment benefits payable by American United Life Insurance Company as a consequences of the death of Adam Brent Bryson.

4) That the Motion for Approval Minor Settlement (#27) is **DENIED** in part as is requested in such motion, but is **ALLOWED** in all respects as to the settlement effectuated herein

in this Consent Judgment.

    5)    Each party shall bear their own costs in this matter.

Judgment in this matter is entered in open Court on this the __16__ day of November, 2013.

                                                         _____
                                                         Dennis L. Howell, United States Magistrate
                                                         Judge for the Western District of
                                                         North Carolina

WE CONSENT:

_____     _____
Manning A. Conners, Attorney for Plaintiff     Wilder Wadford, Attorney for Defendants

_____     _____
Amanda Beck, Parent of the minor child J.F.B.     Victor Garlock, Guardian Ad Litem for
                                                         the minor child J.F.B.

_____     _____
Carroll Wayne Bryson, Individually     Carroll Wayne Bryson, Administrator of
                                                         the Estate of Adam Brent Bryson